UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ILYA KLIOT,

                            Plaintiff,                      **DECISION AND ORDER**

          -against-                            22 Civ. 597 (KMK) (AEK)

JOSEPH MARCHIONNO, *et al.*,

                            Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

     Currently before the Court is Plaintiff's second motion to seal documents attached to the declaration filed by Plaintiff's counsel, Vince F. Sykes, Esq., in connection with Defendants' motion to disqualify him from serving as Plaintiff's counsel in this matter.  ECF No. 43.  A decision on the motion to disqualify is being filed concurrently with this Decision and Order.  For the reasons that follow, the motion to seal is DENIED, subject to the parties showing cause why any portions of the documents currently under seal should remain under seal.

## DISCUSSION

     Prior to representing Plaintiff in this action, Sykes represented Defendant Joseph Marchionno in connection with uncontested divorce proceedings from June 2019 through August 2020.  In opposing the motion to disqualify, Plaintiff's counsel originally filed the Sykes Declaration at ECF No. 36 without the attached exhibits—all of which are documents from Marchionno's divorce proceedings, including orders which had been issued in Family Court related to custody and child support.  Without making a proper application to the Court, Plaintiff's counsel also filed the Sykes Declaration *with* all of the exhibits under seal at ECF No.

37.[1] Counsel was then directed by the Court to file a motion to have the exhibits to the Sykes Declaration filed under seal, and on December 16, 2022, counsel filed a joint letter motion to seal that did not provide any explanation of the basis for sealing the exhibits. *See* ECF No. 39. In conjunction with the December 16, 2022 filing, Plaintiff's counsel filed both a sealed version of the Sykes Declaration (with all exhibits), ECF No. 40, and a public version of the Sykes Declaration (with placeholder pages indicating that the exhibits had been filed under seal), ECF No. 41. The December 16, 2022 motion to seal was denied without prejudice "to allow counsel an opportunity to explain why these documents need to be filed under seal, let alone under seal in their entirety." ECF No. 42. Plaintiff's counsel thereafter filed a second motion to seal, ECF No. 43, which is the subject of this Decision and Order.

As a threshold matter, it is well settled that there is a presumption in favor of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Moreover, there is no question that the exhibits to the Sykes Declaration that the parties seek to maintain under seal are "judicial documents" that were "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. These records from Marchionno's prior state court proceedings were submitted to this Court for purposes of evaluating Defendants' motion to disqualify Sykes from representing Plaintiff, and the Court considered the exhibits as part of its detailed review of the relevant facts and

---

[1] The exhibits attached to the declaration include the following items from Marchionno's matrimonial action: (i) the summons and complaint filed in New York State Supreme Court, Rockland County; (ii) Marchionno's supporting affidavit; (iii) the state court's findings of fact and conclusions of law; (iv) the state court note of issue, reflecting the uncontested nature of the divorce proceedings; (v) the state court's judgement of divorce; (vi) the Family Court's April 30, 2019 child support order and supporting documents (issued prior to Sykes's representation of Marchionno in the divorce action); and (vii) the Family Court's April 22, 2019 final order on Marchionno's petition for custody / visitation order (also issued prior to Sykes's representation of Marchionno in the divorce action). *See* ECF Nos. 37-1 through 37-7 & 40-1 through 40-7.

circumstances in reaching a decision on that motion. *See Streichert v. Town of Chester, New York*, No. 19-cv-7133 (KMK), 2021 WL 735475, at *5 (S.D.N.Y. Feb. 25, 2021) ("Resolving a disqualification motion is a fact-intensive endeavor that requires painstaking analysis of the facts and precise application of precedent." (cleaned up)).

The sealing request here is premised on Section 166 of the New York Family Court Act ("FCA")[2] and Section 235 of the New York Domestic Relations Law ("DRL"). Section 166 of the FCA provides that "[t]he records of any proceeding in the family court shall not be open to indiscriminate public inspection." N.Y. Family Ct. Act § 166.

Section 235 of the DRL provides that

> [a]n officer of the court with whom the proceedings in a matrimonial action or a written agreement of separation or an action or proceeding for custody, visitation or maintenance of a child are filed, or before whom the testimony is taken, or his [or her] clerk, either before or after the termination of the suit, shall not permit a copy of any of the pleadings, affidavits, findings of fact, conclusions of law, judgment of dissolution, written agreement of separation or memorandum thereof, or testimony, or any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party, except by order of the court.

N.Y. Dom. Rel. Law § 235(1).

Plaintiff does not cite to any authority regarding the balancing of these statutes with the well-established right of public access to court documents, but at least two judges in this District

---

[2] Plaintiff also cites the Uniform Rules for Family Court, 22 N.Y. Code R. & Regs. § 205, in noting that "[c]ertain individuals, such as the parties and representatives, are permitted access to Family Court records without application to the Court." ECF No. 43 at 1; *see* 22 N.Y. Code R. & Regs. § 205.5(a) ("Subject to limitations and procedures set by statute and case law, the following shall be permitted access to the pleadings, legal papers formally filed in a proceeding, findings, decisions and orders and, subject to the provisions of CPLR 8002, transcribed minutes of any hearing held in the proceeding: (a) the petitioner, presentment agency and adult respondent in the Family Court proceeding and their attorneys[.]"). There is no suggestion that this regulation provides any particular restrictions on the use of such materials once they have been accessed by an authorized person.

have analyzed these issues in recent years. In *Ehrlich v. Lucci*, No. 06-cv-5214 (HBP), 2006 WL 3431218 (S.D.N.Y. Nov. 28, 2006), the plaintiff, an attorney, brought suit to collect her legal fees for representing the defendant in a child custody proceeding in New York State Family Court. The defendant filed a motion in the federal case to seal a particular record from the underlying proceeding, citing Section 166 of the FCA. The court denied the motion in relevant part because "both the Supreme Court and the Second Circuit have recognized a right of access to court records." *Ehrlich*, 2006 WL 3431218 at *1 (cleaned up) (citing cases). Put differently, Section 166 of the FCA did not automatically supersede the right of public access to court records. The court proceeded to conduct its own review of the Family Court decision that had been filed by the defendant and found that "there is nothing contained therein that is so sensitive, embarrassing or inflammatory as to overcome the public's interest in the openness of judicial proceedings . . ."; the Court further determined that "there is nothing in the file that is damaging to any of the parties to this action or to any minor child." *Id.*

In *Martin v. Berkshire Life Insurance Company of America*, No. 20-cv-10428 (JMF), 2021 WL 3855442 (S.D.N.Y. Aug. 27, 2021), a breach of contract case, the defendant served a subpoena on the non-party law firm that had represented the plaintiff in a matrimonial action, and in response the law firm filed a motion to quash and for a protective order. The court noted that the defendant had "sought leave to file certain materials under seal or in redacted form because they had been marked as 'confidential' by one of the parties and may be subject to DRL 235." *Martin*, 2021 WL 3855442, at *2 (quotation marks omitted). In denying the motion to quash as meritless, the court noted that the prohibitions set forth in Section 235 of the DRL "apply only to 'officers of the court' and their 'clerks' . . . and [do] not place any such prohibition on litigants . . . or their counsel . . . ." *Id.* (cleaned up). In short, Sykes need not be

concerned that the filing of the exhibits to his declaration would run afoul of Section 235 of the DRL.

This Court agrees with the reasoning in *Ehrlich* and *Martin* and finds that Plaintiff's mere citations to Section 166 of the FCA and Section 235 of the DRL are insufficient to justify the wholesale filing under seal of the records from Marchionno's divorce proceedings, including the records from the Family Court. Moreover, this Court has conducted an independent review of the exhibits proposed to be filed under seal and concludes, as the Court did in *Ehrlich*, that there is nothing contained in those documents that is so sensitive, embarrassing, or inflammatory as to overcome the public's interest in the openness of judicial proceedings, and nothing that is damaging to any of the parties to this action or to any minor child. Indeed, the parties have not pointed to any such problematic provisions in their limited submissions on this issue, though as set forth below, the Court will provide a further opportunity to raise particular concerns as to any specific portions of the documents.

In addition, certain of the exhibits contain information that is meant to be redacted pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, including Social Security numbers (only the last four digits should be visible); full birthdates of various individuals (only the year of the individual's birth should be visible); the name of an individual known to be a minor (only the minor's initials should be visible); and financial account numbers (here, health insurance account numbers) (only the last four digits of the account number should be visible).

By February 1, 2023, any party who believes that any portion of any of the documents attached as exhibits to the Sykes Declaration—currently filed under seal at ECF Nos. 40-1 through 40-7— should remain under seal must show cause in writing, on a document-by-

document basis, why doing so would be consistent with the presumption in favor of public access to documents filed in judicial proceedings.

If no party raises any further arguments regarding the sealing of any of the exhibits in question, then by February 8, 2023, Plaintiff must make appropriate redactions of personally identifying information as required by Rule 5.2 of the Federal Rules of Civil Procedure and Rule 21.3 of the SDNY Electronic Case Filing Rules & Instructions and re-file the entire Sykes Declaration, with exhibits, in redacted form on the public docket.  To the extent any party raises issues regarding portions of particular documents by the February 1, 2023 deadline, the February 8, 2023 deadline will be held in abeyance pending the Court's resolution of those matters.

Dated:  January 25, 2023
        White Plains, New York

                                      **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

6